# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRASS WORKS LAWN CARE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1581 (RMC) |
| | ) | |
| R. ALEXANDER ACOSTA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiffs Grass Works Lawn Care, LLC, J F Luna Construction, LLC, and Titus Works, LLC sued R. Alexander Acosta, Secretary of the Department of Labor, Rosemary Lahaksy, Deputy Assistant Secretary of the Department of Labor, and William Thompson, Administrator of the Department of Labor, in their official capacities, challenging the denial of temporary employment certificates in fiscal year 2018. The certificates are necessary to receive H-2B temporary visas from the Department of Homeland Security. Plaintiffs are small construction and landscaping businesses which use seasonal workers to assist with increased demand during their busy seasons. Due to the limitations of the work force in their areas, Plaintiffs traditionally fill their seasonal positions with workers in the United States on temporary visas. For fiscal year 2018, Plaintiffs argue that the Department of Labor used a different standard to evaluate certificate applications and unreasonably denied their applications. Defendants move to dismiss and argue that Plaintiffs lack standing and the case is moot because fiscal year 2018 certificates can no longer be issued. A declaratory judgment is also inappropriate, Defendants argue, because each application is considered independently, and a

1

subsequent years' application is not affected by a prior denial. The Court agrees with Defendants and will dismiss the case for lack of jurisdiction and as moot.

## I.     BACKGROUND

### A. H-2B Visa Process

"The H-2B nonimmigrant visa program permits employers to hire foreign workers to perform temporary non-agricultural labor or services in the United States on a one-time occurrence, seasonal, peakload, or intermittent basis." Compl. [Dkt. 1] ¶ 2 (citing 8 U.S.C. § 1101(a)(15)(H)(ii)(b); 8 C.F.R. § 214.2(h)(6); 20 C.F.R. § 655.6(b)). Employers who wish to hire workers under the H-2B program must first "apply for temporary employment certification from [the Department of Labor (DOL)]." *Id*. The application must include documentation to support the number of workers requested and the duration of their employment. *Id*. A Certifying Officer in the DOL Office of Foreign Labor Certification reviews the application and, if further information is required, may issue a Notice of Deficiency to the employer. *Id*. (citing 20 C.F.R. § 655.31).

If the Certifying Officer grants the certification to the employer, then "the sponsoring employer may . . . use that certification to file an I-129 Petition for Nonimmigrant Worker with [United States Citizenship and Immigration Services (USCIS)] requesting H-2B status for the number of workers certified" by DOL. *Id*. ¶ 3. On the other hand, if the Certifying Officer denies the application, the employer "may request review of that decision by an Administrative Law Judge ("ALJ") at [DOL's Board of Alien Labor Certification Appeals (BALCA)]." *Id*. (citing 20 C.F.R. § 655.61).

The Immigration and Nationality Act permits 66,000 H-2B nonimmigrant visas to be issued each fiscal year. *See* 8 U.S.C. § 1184(g)(1)(B), (g)(10). Up to 33,000 H-2B visas may

be issued in each half of the fiscal year. *See id*. Unused visas do not carry over from one fiscal year to the next.

### B. Denial of Plaintiff's Certificate Requests

Plaintiffs are construction and landscaping companies whose work is concentrated in warmer months due to longer daylight hours. Compl. ¶ 7. They are unable to locate and hire a sufficient number of workers in the U.S. labor market and must seek seasonal nonimmigrant labor to complete all of the contracted projects during their busy season. *Id*. Without access to seasonal nonimmigrant labor through the H-2B visa program, Plaintiffs "must cancel . . . contracts and seek other businesses to complete . . . projects, which damages the Plaintiffs' businesses, reputations, and ultimately harms its U.S. workers." *Id*.

Grass Works Lawn Care, LLC (Grass Works) applied for a DOL temporary employment certificate on October 4, 2017, requesting certification for "40 temporary peakload employees from January 23, 2018 to November 23, 2018." *Id*. ¶¶ 25(A), 36. On November 6, 2017, the Certifying Officer issued a Notice of Deficiency to Grass Works and requested additional documentation to justify the number of workers needed, including:

> Summarized monthly payroll reports for a minimum of one previous calendar year that identify, for each month and separately for full-time permanent and temporary employment in the requested occupation, the total number of workers or staff employed, total hours worked, and total earnings received . . . And . . . other evidence and documentation that similarly serves to justify the increase in the number of workers from the employer's prior application . . . if any.

*Id*. ¶ 37 (emphasis omitted). Grass Works responded to the Notice of Deficiency by providing "documentation that included, among other items, its federal quarterly tax returns . . . , Texas Workforce Commission ('TWC') wage and staffing reports, and summary graphs based on the federal and state quarterly reports." *Id*. ¶ 38. The Certifying Officer denied Grass Works' application on December 20, 2017 because Grass Works failed to provide the documents

3

requested in the Notice of Deficiency and the documents provided did not sufficiently address the need for the requested number of workers. *Id*. Grass Works appealed the decision to BALCA and BALCA affirmed the denial in two decisions on January 23, 2018 and February 12, 2018. *Id*. ¶¶ 38-40.

J F Luna Construction, LLC (J F Luna) applied for a DOL temporary employment certificate on November 8, 2017, requesting certification for "10 temporary peakload employees from January 23, 2018 to November 23, 2018." *Id*. ¶¶ 25(B), 41. On November 17, 2017, the Certifying Officer issued a Notice of Deficiency to J F Luna indicating that "it was not clear if the employer experiences a true peak in its business during the requested dates of need, and if the employer experiences a slowdown in business during its nonpeak dates." *Id*. ¶ 42 (internal quotation marks and emphasis omitted). The Certifying Officer requested additional documentation, including:

> Summarized monthly payroll reports for 2016 and up-to-date 2017 that identify, for each month and separately for full-time permanent and temporary employment in the requested occupation, the total number of workers or staff employed, total hours worked, and total earnings received . . . And . . . other evidence and documentation that similarly serves to justify the standard of need and dates of need being requested for certification.

*Id*. (emphasis omitted). J F Luna responded to the Notice of Deficiency by providing "documentation that included, among other items, its January 12, 2017 and February 4, 2016 temporary employment certifications for 10 cement masons and concrete finishers, federal quarterly tax returns . . . , TWC wage and staffing reports, and summary graphs based on the federal and state quarterly reports." *Id*. ¶ 43. The Certifying Officer denied J F Luna's application on January 1, 2018 because J F Luna did not provide documentation sufficient to establish the employer's intended dates of need. *Id*. ¶ 44. J F Luna appealed the decision and BALCA affirmed the denial on February 8, 2018. *Id*. ¶¶ 44-45.

4

Titus Works, LLC (Titus Works) applied for a DOL temporary employment certificate on November 7, 2017, requesting certification for "5 temporary peakload employees from January 23, 2018 to November 23, 2018." *Id*. ¶¶ 25(C), 46. On November 14, 2017, the Certifying Officer issued a Notice of Deficiency to Titus Works indicating that Titus Works "had not justified its need for temporary workers for the dates requested" and requesting documentation including:

> Summarized monthly payroll reports for a minimum of three previous calendar years that identify, for each month and separately for full-time permanent and temporary employment in the requested occupation, the total number of workers or staff employed, total hours worked, and total earnings received . . . And . . . other evidence and documentation that similarly serves to justify the dates of need being requested for certification, if any.

*Id*. ¶ 47 (emphasis omitted). Titus Works responded to the Notice of Deficiency by providing "documentation that included, among other items, its January 16, 2013, November 26, 2013, December 1, 2014, March 24, 2016, and January 3, 2017 temporary employment certifications for 5 construction laborers, federal quarterly tax returns . . . , TWC wage and staffing reports, and summary graphs based on the federal and state quarterly reports." *Id*. ¶ 48. The Certifying Officer denied Titus Works' application on December 25, 2017 because the documentation provided was not sufficient to establish the need for workers on the dates requested. *Id*. ¶ 49. Titus Works appealed the decision and BALCA affirmed the denial on January 30, 2018. *Id*. ¶ 50.

C. **Procedural Posture**

Plaintiffs filed their Complaint on July 3, 2018 claiming that Defendants acted arbitrarily and capriciously and abused their discretion in violation of the Administrative Procedures Act (APA), 5 U.S.C. § 551 *et seq.*, when they (1) deviated "from long-settled agency practice by insisting that Plaintiffs provide one specific form of documentation (summarized

5

monthly payroll records) in support of the Plaintiffs' temporary employment certification applications," (2) ignored relevant evidence in the record, and (3) failed to inform Plaintiffs that the summarized monthly payroll reports were the only means of demonstrating peakload need. *Id*. ¶¶ 61-76. On September 17, 2018, Defendants moved to dismiss. Plaintiffs opposed, and Defendants replied. The motion is ripe for review.[1]

## II.　　LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). No action of the parties can confer subject-matter jurisdiction on a federal court because subject-matter jurisdiction is both a statutory requirement and an Article III requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject-matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").

---

[1] *See* Defs.' Mot. to Dismiss Pls.' Compl. [Dkt. 7]; Mem. of Supporting P. & A. (Defs.' Mem.) [Dkt. 7-1]; Pls.' Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss (Opp'n) [Dkt. 8-1]; Mem. of Supporting P. & A. Replying to Pls.' Opp'n to Defs.' Mot. to Dismiss (Reply) [Dkt. 10].

# III. ANALYSIS

Defendants move to dismiss Plaintiffs' complaint for lack of standing and mootness.[2] Because both arguments revolve around the redressability of the alleged injury, the Court will consider the arguments together.

Defendants challenge the redressability of Plaintiffs' injuries, arguing that Plaintiffs sought temporary labor certifications for fiscal year 2018 (FY 2018), which ended on September 30, 2018. DOL certificates may only be used in a single fiscal year, therefore any order from this Court requiring DOL to issue FY 2018 certificates would be useless to Plaintiffs. Defendants focus on the fact that USCIS has reached its statutory cap of H-2B visas for FY 2018. Thus, even if DOL were to issue FY 2018 certifications for all three Plaintiffs, USCIS could not issue a single visa. Finally, Defendants argue that any declaratory judgment from the Court regarding the actions taken by DOL would be a "retrospective advisory opinion," Defs.' Mem. at 22 (citing *Citizens For Responsibility & Ethics in Wash. v. FEC*, 401 F. Supp. 2d 115, 119 (D.D.C. 2005) ("[F]ederal courts are constitutionally mandated to refrain from rendering advisory opinions.")); and a request for a declaratory judgment does not save the case from mootness, because "a federal court may not give opinions upon moot questions or abstract propositions or declare principles or rules of law which cannot affect the matter at issue in the case before it." *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985) (internal quotations marks omitted). Also, because DOL evaluates each application for a certificate anew for each fiscal year, any declaratory judgment regarding Plaintiffs' 2018 applications would not be "at issue" in the 2019 or subsequent applications. *See* Defs.' Mem. at 28 (citing *ETA's*

---

[2] Defendants also argue Plaintiffs complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, but having found that Plaintiffs lack standing and the claims are moot, the Court will not address the Rule 12(b)(6) argument.

*Announcement of Procedural Change to Streamline the H-2B Process for Non-Agricultural Employers: Submission of Documentation Demonstrating "Temporary Need"* (Sept. 1, 2016), https://www.foreignlaborcert.doleta.gov/pdf/FINAL_Announcement_H-2B_Submission_of_ Documentation_Temporary_Need_082016.pdf ("The issuance of prior certifications to the employer does not preclude the [Certifying Officer] from issuing a [Notice of Deficiency] to determine whether the employer's current need is temporary in nature.")). A lack of redressability, Defendants argue, leads to both a finding that Plaintiffs lack standing and that the case is mooted.

Plaintiffs argue that their injury is redressable because they are not seeking H-2B visas for the expired fiscal year, but rather a proper determination by DOL of their FY 2018 Temporary Employment Certifications. Opp'n at 7. Plaintiffs point out that when issuance of H-2B visas have been halted in the past, due to a lapse in appropriations, DOL continued to process Temporary Employment Certifications, despite the possibility that they might not ultimately be useful if all temporary visas were distributed. *Id*. at 13. Additionally, the Department of Homeland Security has expanded the cap on H-2B visas in the past; therefore, that USCIS reached the 66,000 limit for FY 2018 is not necessarily determinative of Plaintiffs' ability to receive visas. Finally, Plaintiffs argue that they seek a declaratory judgment that DOL abused its discretion when requiring different documentation to support their FY 2018 temporary employment certifications. Plaintiffs believe that judgment would be useful in future applications for temporary employment certificates.

Finally, Plaintiffs content that this case fits a well-known exception to the mootness doctrine: "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). First, Plaintiffs argue that because the denied agency action, issuance of the

certifications, would have expired in less than two years, there is a presumption that the "evading review" prong is met. *See Pub. Utils. Comm'n v. FERC*, 236 F.3d 708, 714 (D.C. Cir. 2001). Plaintiffs also argue DOL's action is capable of repetition because without court-ordered clarity DOL may again change practices and demand different documentation when Plaintiffs file their requests in FY 2019 or later. *See* Opp'n at 14 ("It is reasonable to expect that Plaintiffs will be subject to the same unsubstantiated and inconsistent requests in response to future Temporary Employment Certification applications.").

Defendants respond that despite the general presumption that issues that expire in less than two years evade review, Plaintiffs have not acted expeditiously to seek review in the limited time the FY 2018 certifications would have been valid. They point out that Plaintiffs waited over four months from the denial of the certifications to sue and then did not request a preliminary injunction or "other form of emergency relief" to expedite resolution of their claims. Reply at 11-12. Additionally, Defendants argue that Plaintiffs do not meet their burden of showing more than a mere possibility that the alleged injuries can be expected to repeat because they have not demonstrated a probability or reasonable expectation that Defendants will act in the same manner when reviewing the next certification requests from Plaintiffs; and, if DOL does request the same type of information Plaintiffs are challenging, Plaintiffs are now on notice as to the need to keep such data and it cannot reasonably be expected that Plaintiffs would ignore that notice and again fail to provide the requested information.

Standing is one aspect of Article III's limitation on the judicial power of the federal courts, which extends only to cases or controversies. U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority

[and] to Controversies."); *see also Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2663 (2015). A plaintiff has standing to ask for judicial relief when (1) the plaintiff has suffered an injury in fact that is both (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the injury is traceable to the defendant's actions; and (3) the injury is redressable by a favorable decision of the court. *See Ariz. State Legislature*, 135 S. Ct. at 2685-86 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-62 (1992)). To establish their standing, these Plaintiffs must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotations and citation omitted).

Federal courts may only adjudicate "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). A case becomes moot during litigation "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Daimler Trucks N. Am. LLC v. EPA*, 745 F.3d 1212, 1216 (D.C. Cir. 2013) (citation omitted). A claim also becomes moot if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (quotation omitted).

However, as discussed above, there is an exception to the mootness doctrine if a plaintiff can show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Such reasonable expectation of repetition cannot be only a "mere physical or theoretical possibility." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

This action centers around the failure of DOL to issue temporary employment certificates that would have been valid for FY 2018 employment. FY 2018 has ended and FY 2019 is more than halfway over. Defendants refer the Court to *Alpha K9 Pet Services v. Johnson*, 171 F. Supp. 3d 568 (S.D. Tex. 2016), where the Southern District of Texas addressed the same redressability question concerning H-2B visa applicants and concluded that when USCIS had reached its statutory cap and the season had ended, there was no relief that could be awarded. *Id*. at 580-81. Also, *G.H. Daniels III & Associates, Inc. v. Perez*, 626 Fed. App'x 205, 214 (10th Cir. 2015), addressed the mootness of a plaintiff's claim when the fiscal year for DOL certifications had passed. The Tenth Circuit held that "DOL's actions were tethered to the specific applications and those applications applied to seasons that have expired. Any declaration that DOL's actions with respect to those applications were improper would thus amount to nothing more than a 'retrospective opinion.'" *Id*. (citation omitted). This Court cannot order DOL to take an action that has no significance or legal force. Requiring DOL to issue temporary employment certificates to Plaintiffs for FY 2018 based on different documentation would be of no use to Plaintiffs. Plaintiffs' argument about the possibility that the cap on the number of visas will be raised ignores that DHS cannot raise a cap for a fiscal year that has ended. FY 2018 ended just before Plaintiffs filed their reply brief on October 1, 2018.[3]

The Court agrees with the Tenth Circuit and the Southern District of Texas. It cannot issue an advisory opinion to DOL on its document demands in FY 2018. "[Courts] are not in the business of pronouncing that past actions which have no demonstrable continuing

---

[3] Plaintiffs argue they could have petitioned USCIS for visas through their end date of need, or November 23, 2018, which has also now passed.

effect were right or wrong." *Spencer*, 523 U.S. at 18. Because the Court cannot provide Plaintiffs with their requested remedy the lawsuit is both not subject to redress and moot.

There is no applicable exception for mootness. First, although the annual nature of the certification process would normally lead to the conclusion that any challenge would evade review, "[a] litigant cannot credibly claim his case 'evades review' when he himself has delayed its disposition." *Armstrong v. FAA*, 515 F.3d 1294, 1296 (D.C. Cir. 2008). *Armstrong* requires a plaintiff to "make a full attempt to prevent his case from becoming moot, an obligation that includes filing for preliminary injunctions and appealing denials of preliminary injunctions." *Newdow v. Roberts*, 603 F.3d 1002, 1009 (D.C. Cir. 2010) (interpreting *Armstrong*). Plaintiffs fail to satisfy this obligation. They waited four months after their applications were denied to file suit and never timely requested a preliminary injunction or other expedited relief. While it is possible that expedited review would not have been conducted before the end of FY 2018, Plaintiffs' failure to request expedition weighs against finding the case evades review.

Plaintiffs also fail the second prong of the mootness exception. *See Spencer*, 523 U.S. at 17. They have not demonstrated a reasonable expectation that the event is capable of repetition. "In estimating the likelihood of an event's occurring in the future, a natural starting point is how often it has occurred in the past." *Clarke*, 915 F.2d at 704. By Plaintiffs' own admissions, DOL has previously granted their temporary employment certification applications, *see* Compl. ¶ 70, and did not require the information requested in FY 2018. *See id*. Plaintiffs provide no evidence that DOL will again change its demands. Additionally, to reach the same impasse multiple individual events must be repeated: Plaintiffs' initial applications must again contain insufficient detail; DOL must again ask for new and unannounced documentation; Plaintiffs must again be unable to provide documentation; DOL must again reject Plaintiffs'

12

attempts to provide alternative documentation; DOL must again deny the applications; and BALCA must again agree. Even if the Court accepts that it is reasonably likely the first step will occur again, if DOL asks for summarized monthly payroll reports, the Court is persuaded by Defendants' argument that Plaintiffs are now on notice of the type of documentation that might be requested and can attempt to maintain those reports to provide with their next applications. The Court, therefore, finds Plaintiffs have not reached their burden of demonstrating there is a reasonable expectation of repetition. *See Int'l Internship Programs v. Napolitano*, 853 F. Supp. 2d 86, 96 (D.D.C. 2012) (finding case moot regarding visas valid though January 24, 2012 once that date had passed and "there [was] no reasonable expectation or probability that this same controversy will recur"); *id*. (holding an intention to file another application "insufficient to show probability or reasonable expectation of denial in light of the long history of approvals"); *Maine State Bldg. & Constr. Trades Council, AFL CIO v. Dep't of Labor*, 359 F.3d 14, 17-18 (1st Cir. 2004) (holding a challenge to H-2B visas was moot and not capable of repetition because plaintiffs had "not alleged any factual basis for the claim that they will be victimized by the same error ever again"); *id*. at 18 ("Bromides about the American worker's potential for future job losses are unavailing without some concrete allegations that the Government is likely to repeat its miscalculation of the prevailing wage rate by using the wrong standard.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss, Dkt. 7. A memorializing Order accompanies this Memorandum Opinion.


Date: May 3, 2019

_____
ROSEMARY M. COLLYER
United States District Judge